UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO CONTRERAS, | 1:12-cv—02072-BAM-HC |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION (DOC. 1) |
| v. | |
| ON HABEAS CORPUS, | ORDER DIRECTING THE CLERK TO SEND PETITIONER A HABEAS CORPUS PETITION FORM |
| Respondent. | |
| | <u>DEADLINE FOR FILING FIRST AMENDED PETITION:  THIRTY (30) DAYS</u> |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on December 26, 2012.

I.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of Ironwood State Prison. He does not specify his commitment offense or offenses. He alleges that on February 28, 2010, Correctional Officer Fletcher failed to bring Petitioner a vegetarian meal

2

while he was confined to quarters for a previous disciplinary matter; the officer disregarded protocol, removed Petitioner from his cell, and discussed the matter with Petitioner and Correctional Lieutenant E. Smith, who offered Petitioner two breakfast trays for the following day if he returned to his assigned cell.  Petitioner admits that he refused to return to his cell as directed.  As a result, Officer Fletcher reported that she was delayed in the performance of her duties for approximately forty-five (45) minutes.  Petitioner alleges that Officer Fletcher falsified a rules violation report (RVR) based on Petitioner's delay and interference with the officer's duties. He further alleges that when he filed a staff complaint concerning Officer Fletcher's misconduct in removing him from his cell while he was confined to quarters and in failing to give him his vegetarian meal, the prison refused to process the grievance and thus denied him his only opportunity to present evidence that his failure to return to his cell was caused by Officer Fletcher's misconduct in removing him from his cell and failing to give him a vegetarian meal.  (Pet., doc. 1 at 8, 16-17, 19, 66.)

    Petitioner raises the following claims in the petition: 1) the filing of the allegedly fraudulent RVR violated Petitioner's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments; and 2) the failure of the prison to process his staff complaint was a failure of the prison to follow its own rules, a withdrawal of an opportunity to present mitigating evidence concerning Petitioner's rule violation, and thus a violation of Petitioner's right to procedural due process.

3

(Id. at 8, 17-19.)

II. Lack of a Cognizable Claim

Although the petition suffers from several apparent defects, the subject of this order will be the Court's subject matter jurisdiction over the claims alleged in the petition.

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)). A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the

4

conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

With respect to prison disciplinary proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254.  See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings).  The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500.  Thus, such claims are within the core of habeas corpus jurisdiction.

Cases in this circuit have recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus.  Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole)[1]; Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the

---

[1] The Court notes that Bostic involved a suit pursuant to 28 U.S.C. § 2241, not § 2254.

5

frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement). However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the validity of continuing confinement. Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement); Ramirez v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

    Here, Petitioner argues generally that his claims affect the duration of his confinement. (Pet., doc. 1, 15, 18-19.) Petitioner states that as a result of his RVR, he was punished (id. at 16:22), but he does not describe his punishment. He refers to being sent to administrative segregation and to loss of yard status or exercise privileges. (Id. at 41, 71.) However, these matters relate to conditions of confinement. Petitioner argues that because having a history of fewer disciplinary violations enhances one's chance of release on parole, the duration of his confinement has been affected by the challenged procedures. (Id. at 18-19.) However, Petitioner does not allege specific facts that demonstrate that as a result of the challenged procedures, the legality or duration of Petitioner's confinement, as distinct from conditions of confinement, was affected.

    In summary, the allegations of the petition suggest that

there has been some effect on the duration of Petitioner's confinement as a result of the challenged procedures. However, Petitioner does not allege specific facts that point to a real possibility of constitutional error in this regard.

Accordingly, Petitioner's petition will be dismissed with leave to file a first amended petition.

### III. Amendment of the Petition

The instant petition must be dismissed for the reasons stated above. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies. Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action. Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

### IV. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of

7

service of this order to file an amended petition in compliance with this order; and

    3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated: **January 9, 2013**　　　　　　　　/s/ **Barbara A. McAuliffe**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE