UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HERIBERTO CONTRERAS, | ) | 1:12-cv—02072-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE FIRST |
| | ) | AMENDED PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS (DOC. 12) |
| v. | ) | |
| | ) | ORDER DECLINING TO CONSTRUE THE |
| MATTHEW CATE, Secretary of the | ) | PETITION AS A CIVIL RIGHTS |
| California Department of | ) | COMPLAINT |
| Corrections and | ) | |
| Reabilitation, | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY |
| Respondent. | ) | AND DIRECTING THE CLERK TO |
| | ) | CLOSE THE CASE |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 8, 2013 (doc. 8). Pending before the

Court is the first amended petition (FAP), which was filed on March 11, 2013.

## I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without

2

leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner is an inmate of Ironwood State Prison who is serving a sentence of fifteen years to life imposed in the Superior Court of the State of California, County of Los Angeles, on or about March 27, 1992, for second degree murder. He alleges that his rights to due process of law guaranteed by the Fourteenth Amendment were violated in connection with an incident that occurred on February 20, 2010, in which Correctional Officer Fletcher failed to bring Petitioner a vegetarian meal while he was confined to quarters for a previous disciplinary matter; the officer disregarded protocol, removed Petitioner from his cell, and discussed the matter with Petitioner and Correctional Lieutenant E. Smith, who offered Petitioner two breakfast trays for the following day if he returned to his assigned cell. Petitioner admits that he refused to return to his cell as directed. As a result, Officer Fletcher reported that she was delayed in the performance of her duties for approximately forty-five (45) minutes. Petitioner alleges that Officer Fletcher falsified a rules violation report (RVR) based on Petitioner's delay and interference with the officer's duties. He further alleges that when he filed a staff complaint concerning Officer Fletcher's misconduct in removing him from his cell while he was confined to quarters and in failing to give him his vegetarian meal, the prison refused to process the grievance and thus denied him his only opportunity to present evidence that his failure to return to his cell was caused by Officer Fletcher's misconduct in

1 removing him from his cell and failing to give him a vegetarian
2 meal.  (FAP, doc. 12, at 7-8.)
3         II.  Lack of a Cognizable Claim
4         This Court dismissed the initial petition because Petitioner
5 had not alleged facts indicating that the events complained of
6 concerned the legality or duration of his confinement, and thus
7 Petitioner had not shown that his claim or claims were within the
8 Court's habeas jurisdiction.  A review of the FAP shows that it
9 suffers from essentially the same defect as the initially filed
10 petition.
11             A.  Legal Standards
12        This Court has a duty to determine its own subject matter
13 jurisdiction, and lack of subject matter jurisdiction may be
14 raised on the Court's own motion at any time. Fed. R. Civ. P.
15 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982)
16 (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).
17 A court will not infer allegations supporting federal
18 jurisdiction; a federal court is presumed to lack jurisdiction in
19 a particular case unless the contrary affirmatively appears, and
20 thus federal subject matter jurisdiction must always be
21 affirmatively alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v.
22 Confederated Tribes of the Colville Reservation, 873 F.2d 1221,
23 1225 (9th Cir. 1989).
24        A federal court may only grant a state prisoner's petition
25 for writ of habeas corpus if the petitioner can show that "he is
26 in custody in violation of the Constitution or laws or treaties
27 of the United States."  28 U.S.C. § 2254(a).  A habeas corpus
28 petition is the correct method for a prisoner to challenge the

4

legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

With respect to prison disciplinary proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254. See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings). The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500. Thus, such claims are within the core of habeas corpus jurisdiction.

Cases in this circuit have recognized a possibility of habeas jurisdiction in suits that do not fall within the core of

habeas corpus. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole)[1]; Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement). However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the validity of continuing confinement. Docken v. Chase, 393 F.3d at 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as holding that a § 1983 suit is an appropriate remedy for challenges to conditions [there, administrative placement in a sex offender program affecting eligibility for parole] which do not necessarily imply the invalidity of continuing confinement); Ramirez v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

B.  Analysis

In the FAP, Petitioner sets forth allegations in the form of a conclusion that the duration of his confinement was unlawfully extended by a fraudulent disciplinary report (FAP, doc. 12 at 4, 7), but he does not straightforwardly set forth the facts concerning the disciplinary sanction imposed in the challenged disciplinary proceedings. Petitioner attaches part of the prison summary of the disciplinary hearing, which indicates that Petitioner pled guilty to a charge of delaying a peace officer/refusing assigned housing with an explanation, which was

---

[1] The Court notes that Bostic involved a suit pursuant to 28 U.S.C. § 2241, not § 2254.

6

that Petitioner was confined to quarters, did not get his "veggie tray," and was upset and felt it was unacceptable. (Id. at 12.) However, Petitioner did not attach the portion of the form that indicated what disciplinary sanction was imposed.

In an inmate/parolee appeal form attached to the FAP, Petitioner requested that the rules violation report be "dismissed and/or modified in accord w/ CCR § 3315(f) specific to loss of both a.m./p.m. yard...." (Id. at 14.) He further argued in the course of his administrative appeals that § 3315 did not mandate a total loss of yard, that loss of either morning or afternoon yard was adequate "time lost" (id. at 16), and that it was cruel and unusual to deprive an inmate of more (id.). The second level response refers to Petitioner's request that the disposition be modified "in regard to the loss of both A.M. and P.M. yard." (Id. at 19.)

Thus, there are no specific facts alleged that indicate an effect on the legality or duration of Petitioner's confinement. It appears that Petitioner lost yard privileges as a result of the violation. However, loss of yard privileges relates to conditions of confinement, not the legality or duration of confinement.

Petitioner alleges generally that a disciplinary action disrupts the ability of an inmate to gain good time credits, and that expungement of a disciplinary finding is likely to accelerate eligibility for parole. (Id. at 8.) However, any connection between the mere opportunity to earn credits or a record of a disciplinary finding on the one hand, and the duration of confinement on the other, is speculative.

7

In summary, the allegations of the FAP suggest that there might be some effect on the duration of Petitioner's confinement as a result of the challenged finding. However, Petitioner does not allege specific facts that point to a real possibility of constitutional error in this regard.

Accordingly, Petitioner's petition will be dismissed.

Petitioner has already been given an opportunity to file an amended petition to cure the absence of facts showing an effect on the duration of Petitioner's confinement. However, Petitioner failed to allege the necessary facts. It thus does not appear that Petitioner could allege a tenable due process claim if leave to amend were again granted.

Accordingly, the FAP will be dismissed without leave to amend.

### III. Construction of the Petition as a Civil Rights Complaint

Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. See, Wilwording v. Swenson, 404 U.S. 249, 251 (1971).

However, the Court declines to construe the petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals

1 from his prison trust account in accordance with the availability
2 of funds.  28 U.S.C. §§ 1914, 1915(b).  The dismissal of this
3 action at the pleading stage would not terminate Petitioner's
4 duty to pay the $350 filing fee.  Here, the petition was not
5 accompanied by the $350 filing fee or an authorization by
6 Petitioner to have the $350 filing fee deducted from his trust
7 account pursuant to 28 U.S.C. § 1915(b).

8 Further, the Petitioner failed to identify the capacity in
9 which the named respondent would be sued for purposes of a civil
10 rights claim, which is critical to the issue of sovereign
11 immunity.

12 In addition, if the petition were converted to a civil
13 rights complaint, the Court would be obligated to screen it
14 pursuant to the screening provisions of the Prisoner Litigation
15 Reform Act of 1995.  28 U.S.C. § 1915A(b); 42 U.S.C.
16 § 1997e(c)(1).  It is not clear that all of Petitioner's
17 disparate allegations state civil rights claims.  If the pleading
18 ultimately were dismissed for failure to state a claim upon which
19 relief may be granted, such a dismissal could count as a "strike"
20 against Petitioner for purposes of 28 U.S.C. § 1915(g) and any
21 future civil rights action he might bring.

22 On the basis of the foregoing analysis, it is concluded that
23 it is appropriate to dismiss the petition without prejudice so
24 that Petitioner himself may determine whether or not he wishes to
25 raise his present claims through a properly submitted civil
26 rights complaint.

27 IV. <u>Certificate of Appealability</u>
28 Unless a circuit justice or judge issues a certificate of

9

appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the

10

applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk of the Court is DIRECTED to close the action.

IT IS SO ORDERED.

**Dated:   March 22, 2013**                           **/s/ Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE